** PART I **
RE: OPINION REQUEST REGARDING A STATE HIGH SCHOOL'S ABILITY TO HAVE A BACCALAUREATE CEREMONY
ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR AN OFFICIAL OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTION:
 IN VIEW OF THE RECENT UNITED STATES SUPREME COURT RULING IN LEE V. WEISMAN, IS IT PERMISSIBLE FOR A PUBLIC HIGH SCHOOL TO HAVE A BACCALAUREATE CEREMONY IF PARTICIPATION ON THE PART OF THE STUDENTS IS VOLUNTARY, AND IF SO, IS IT POSSIBLE TO CONDUCT THE BACCALAUREATE CEREMONY ON SCHOOL PROPERTY?
THE QUESTION YOU POSE IS WHETHER IT IS PERMISSIBLE FOR A PUBLIC SCHOOL TO CONDUCT A BACCALAUREATE CEREMONY. A BACCALAUREATE CEREMONY, BY DEFINITION, IS A RELIGIOUS SERVICE HELD IN AN EDUCATIONAL INSTITUTION IN CONJUNCTION WITH COMMENCEMENT. WEBSTER'S THIRD WORLD INTERNATIONAL DICTIONARY, P. 157. OFTEN THE SERMON OR ADDRESS DELIVERED AT SUCH A SERVICE IS ALSO REFERRED TO AS A BACCALAUREATE. ID. YOUR QUESTION IS, IN ESSENCE, WHETHER THE HOLDING IN THE RECENT SUPREME COURT DECISION STYLED LEE V. WEISMAN WOULD BE DIFFERENT IF ATTENDANCE AT A SCHOOL-SPONSORED BACCALAUREATE CEREMONY WERE VOLUNTARY, AND IF VOLUNTARY, WOULD THE COURT THEN HOLD THAT THE CEREMONY COULD BE CONDUCTED ON SCHOOL PROPERTY.
IN LIGHT OF LEE V. WEISMAN AND THE PUBLIC DISCUSSION SURROUNDING THE DECISION, IT IS CLEAR THAT SHOULD ANY PARTICULAR SCHOOL DISTRICT MAKE THE DECISION TO CONDUCT OR SPONSOR A VOLUNTARY BACCALAUREATE CEREMONY, EITHER ON OR OFF SCHOOL GROUNDS, THERE IS SOME LIKELIHOOD THAT LITIGATION WILL ENSUE. MOREOVER, THE DECISION TO CONDUCT A VOLUNTARY BACCALAUREATE CEREMONY WOULD NECESSARILY BE MADE AFTER AN EVALUATION BY THE SCHOOL DISTRICT OF A NUMBER OF OPTIONS WITH RESPECT TO HOW AND WHERE THE BACCALAUREATE CEREMONY MIGHT BE SPONSORED, ADVERTISED, AND CONDUCTED. MANY OF THESE DECISIONS COULD POTENTIALLY AFFECT THE POSITION OF THE DISTRICT IN ANY ENSUING LITIGATION. EVALUATION OF THE DISTRICT'S OPTIONS SHOULD THEREFORE BE CONDUCTED IN CONSULTATION WITH THE LEGAL COUNSEL WHO WOULD REPRESENT THE DISTRICT IN ANY RESULTING LAWSUIT. ADDITIONALLY, THE UNITED STATES SUPREME COURT'S ESTABLISHMENT CLAUSE JURISPRUDENCE IS, IN THE WORDS OF THE COURT, "FACT SENSITIVE." LEE V. WEISMAN, ____ U.S. ____,112 S.CT. 2649, 2661 (1992). AS CHARACTERIZED BY THE COURT, ITS ESTABLISHMENT CLAUSE JURISPRUDENCE IS "OF NECESSITY ONE OF LINE-DRAWING, OF DETERMINING AT WHAT POINT A DISSENTER'S RIGHTS OF RELIGIOUS FREEDOM ARE INFRINGED BY THE STATE." ID. BECAUSE ESTABLISHMENT CLAUSE QUESTIONS ARE ALWAYS "FACT SENSITIVE" — THAT IS, THE FINAL DETERMINATION DEPENDS UPON THE SPECIFIC FACTS PRESENT, IT IS NOT POSSIBLE TO ISSUE A FORMAL OPINION ADDRESSING YOUR QUESTION. ACCORDINGLY, WE RESPOND BY WAY OF THE FOLLOWING INFORMAL OPINION, WHICH IS THE OPINION OF THE UNDERSIGNED COUNSEL ONLY, AND NOT AN OPINION OF THE ATTORNEY GENERAL.
I. THE LIMITED ROLE OF STATE COURTS AND PUBLIC OFFICIALS IN ADDRESSING FREEDOM OF RELIGION, ESTABLISHMENT CLAUSE QUESTIONS IS TO APPLY FEDERAL CONSTITUTIONAL LAW, NOT MARE IT.
UNDER OUR FEDERAL SYSTEM, STATE COURTS AND STATE OFFICIALS MUST FOLLOW FEDERAL CONSTITUTIONAL LAW, AS INTERPRETED BY THE UNITED STATES SUPREME COURT — EVEN WHEN THEY DISAGREE WITH IT. UNDER OUR FEDERAL SYSTEM OF GOVERNMENT, AND THE SUPREMACY CLAUSE OF THE UNITED STATES CONSTITUTION, STATE JUDGES AND ALL STATE PUBLIC OFFICIALS ARE REQUIRED TO COMPLY WITH THE FEDERAL LAW OF THE LAND, AS PRONOUNCED BY THE UNITED STATES SUPREME COURT, WHETHER WE AGREE WITH THE LAW OR NOT.
ARTICLE VI, SECTION 2 OF THE UNITED STATE CONSTITUTION PROVIDES, IN PART, THAT:
 "THIS CONSTITUTION, AND THE LAWS OF THE UNITED STATES WHICH SHALL BE MADE IN PURSUANCE THEREOF . . . SHALL BE THE SUPREME LAW OF THE LAND; AND THE JUDGES IN EVERY STATE SHALL BE BOUND THEREBY (.)" (EMPHASIS ADDED).
AS THE UNITED STATES SUPREME COURT HAS HELD, IT IS THE "DUTY" OF STATE COURTS "TO ADMINISTER THE LAWS PRESCRIBED BY THE CONSTITUTION AND THE STATUTES OF THE UNITED STATES, AS CONSTRUED BY THIS (SUPREME COURT." STATE OF SOUTH CAROLINA V. BAILEY, 289 U.S. 412, 420 (1933). INTERPRETING THE PROVISIONS OF THE SUPREMACY CLAUSE, THE SUPREME COURT OF KANSAS, IN TRINKLE V. HAND, 337 P.2D 665, 667 (KAN. 1959), CONSTRUED ITS DUTY TO FOLLOW FEDERAL CONSTITUTIONAL LAW AS FOLLOWS:
 "(U)NDER THIS CONSTITUTIONAL MANDATE THE INTERPRETATION PLACED ON THE CONSTITUTION AND LAWS OF THE UNITED STATES BY THE DECISIONS OF THE SUPREME COURT OF THE UNITED STATES IS CONTROLLING UPON STATE COURTS AND MUST BE FOLLOWED. THIS WE MAY ADD IS TRUE REGARDLESS OF VIEWS OF THE STATE COURTS(.) (EMPHASIS ADDED)."
IN LIKE MANNER, THE FLORIDA SUPREME COURT DESCRIBED ITS OBLIGATION UNDER THE SUPREMACY CLAUSE AS FOLLOWS, "WE DEEM IT TO BE OUR INESCAPABLE DUTY TO ABIDE BY THE DECISION OF THE UNITED STATES SUPREME COURT INTERPRETING THE FEDERAL CONSTITUTION." (EMPHASIS ADDED). STATE V. BOARD OF CONTROL, 83 S.2D 20, 23 (FLA. 1955).
THE OKLAHOMA SUPREME COURT HAS SPECIFICALLY RECOGNIZED ITS DUTY TO FOLLOW THE DECISIONS OF THE UNITED STATES SUPREME COURT INTERPRETING THE FEDERAL CONSTITUTION. IN SIPUEL V. BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA, 180 P.2D 135, 136 (OKLA. 1947), THE COURT, IN ITS THIRD SYLLABUS, DESCRIBED ITS DUTY UNDER THE SUPREMACY CLAUSE:
 IT IS THE STATE SUPREME COURT'S DUTY TO FOLLOW (THE) UNITED STATES SUPREME COURT'S INTERPRETATION OF (THE) FEDERAL CONSTITUTION.
THUS, WE SEE IN SITUATIONS SUCH AS THAT PRESENTED BY YOUR QUESTION, IT IS NOT THE PREROGATIVE OF STATE COURTS AND OFFICIALS TO MAKE THE LAW OF THE LAND; RATHER, THEIR DUTY IS TO FOLLOW THAT LAW, AS INTERPRETED BY THE UNITED STATES SUPREME COURT.
II. UNDER THE ESTABLISHMENT CLAUSE, AS A INTERPRETED BY THE UNITED STATES SUPREME COURT, STATE SCHOOLS MAY NOT CONTROL, SUPPORT OR INFLUENCE THE RELIGIOUS BELIEFS AND PRACTICES OF THEIR STUDENTS. NOR MAY THE STATE SPONSOR RELIGIOUS CEREMONIES BECAUSE THE PRIMARY EFFECT OF SUCH SPONSORSHIP IS THE ADVANCEMENT OF RELIGION.
IN 1962, IN ENQEL V. VITALE, 370 U.S. 421 (1962), THE UNITED STATES SUPREME COURT CONSIDERED FOR THE FIRST TIME THE CONSTITUTIONALITY OF PRAYER IN PUBLIC SCHOOLS. IN THAT CASE, THE STATE OF NEW YORK ADOPTED A PROGRAM OF DAILY CLASSROOM PRAYER IN PUBLIC SCHOOLS; THE SHORT PRAYER IN QUESTION WAS NONDENOMINATIONAL AND ITS OBSERVANCE BY STUDENTS WAS VOLUNTARY. THE COURT HELD THAT BY USING ITS PUBLIC SCHOOL SYSTEM TO ENCOURAGE RECITATION OF THE PRAYER, THE STATE OF NEW YORK HAD ADOPTED A PRACTICE WHOLLY INCONSISTENT WITH THE ESTABLISHMENT CLAUSE OF THEFIRST AMENDMENT, MADE APPLICABLE TO THE STATES BY VIRTUE OF THEFOURTEENTH AMENDMENT, AS THAT AMENDMENT PROHIBITS LAWS RESPECTING THE ESTABLISHMENT OF RELIGION:
 "NEITHER THE FACT THAT THE PRAYER MAY BE DENOMINATIONALLY NEUTRAL NOR THE FACT THAT ITS OBSERVANCE ON THE PART OF THE STUDENTS IS VOLUNTARY CAN SERVE TO FREE IT FROM THE LIMITATIONS OF THE ESTABLISHMENT CLAUSE . . . THE ESTABLISHMENT CLAUSE, UNLIKE THE FREE EXERCISE CLAUSE, DOES NOT DEPEND UPON ANY SHOWING OF DIRECT GOVERNMENTAL COMPULSION AND IS VIOLATED BY THE ENACTMENT OF LAWS WHICH ESTABLISH AN OFFICIAL RELIGION WHETHER THOSE LAWS OPERATE DIRECTLY TO COERCE NONOBSERVING INDIVIDUALS OR NOT. 370 U.S. AT 430 (EMPHASIS ADDED)."